# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY ESCOVEDO, | 1:02-CV-06515 JMD HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CHERYL PLILER, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Fresno County Superior Court. (Pet. at 2; Answer at 1.) A jury returned a guilty verdict against Petitioner in 1995 on eleven felonies. The sentence Petitioner currently challenges stems from convictions for forcible rape (Cal. Penal Code § 261(a)(2); count 13); forcible oral copulation (Cal. Penal Code § 288a(c); count 14); and forcible penetration with a foreign object (Cal. Penal Code § 289(a); count 15). The jury further found that Petitioner used a firearm within the meaning of California Penal Code § 12022.3(a) for those counts. (Answer Ex. E at 2). The trial court imposed a term of twelve years for counts 13 through 15, consisting of an eight year upper term for the substantive offense and four years for the corresponding firearm use. The trial court's imposition of the upper term was pursuant to California Penal Code section 667.6(d). In sum, Petitioner was sentenced to an aggregate term of forty-three years and eight months in prison. (Answer at 2).

Petitioner challenged his conviction and sentence before the California Court of Appeal, Fifth Appellate District, resulting in a several remands back to the superior court. Petitioner's efforts culminated in a third appeal challenging his sentence for counts 13 through 15 on the grounds that the trial court's imposition of full consecutive sentences violated his constitutional rights as defined by the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (Answer Ex. E at 2-3). The appellate court issued a reasoned opinion rejecting Petitioner's claim on February 15, 2002. (*See* Answer Ex. E).

Petitioner subsequently submitted a petition for review to the California Supreme Court. (Answer at 3). The petition solely alleged that Petitioner's constitutional rights under *Apprendi* had been violated by the trial court's imposition, under California Penal Code § 667.6(c), of consecutive sentences for counts 13 through 15. (Answer Ex. F). The California Supreme Court summarily denied review on May 1, 2002. (Answer Ex. G).

Petitioner filed the instant federal habeas petition on December 5, 2002. The petition originally set forth four grounds for relief but Petitioner amended his complaint to remove all but one of those grounds. In his sole remaining ground for relief, Petitioner challenges the trial court's imposition of full consecutive terms on three counts as violating his Sixth and Fourteenth Amendment rights. (Pet. at 5). Respondent concedes that Petitioner has exhausted his state remedies with respect to the remaining ground for relief raised in this instant petition. (Answer at 3).

On September 23, 2003, Respondent filed an answer to the petition.

On June 1, 2007, the Court ordered Respondent to submit additional briefing on the applicability of the Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007). On July 13, 2007, Respondent file a supplemental brief.

On July 26, 2007, Petitioner filed a reply to the supplemental brief.

Consent to Jurisdiction of Magistrate Judge

On December 9, 2002, Petitioner filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Doc. 3).   On September 23, 2003, and again on July 12, 2007, Respondent filed a Consent to Jurisdiction of United States Magistrate Judge. (Court Docs. 20 and 33). On December 7, 2007, the Court issued a consent order reassigning the case to the undersigned.

# DISCUSSION

## I.     Jurisdiction and Venue

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. A writ of habeas corpus may be heard in the district court that sentenced the petitioner. *See* 28 U.S.C. § 2241(d). As Petitioner's conviction arose from a judgment of the Fresno County Superior Court, which is in this judicial district, the Court has jurisdiction and is the proper venue for this case. *See* 28 U.S.C. § 84(b); 28 U.S.C. § 2241(d).

## II.    AEDPA Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. Lindh v. Murphy, 521 U.S. 320, 326-327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). As the instant petition was filed in December 2002, the petition is governed by the provisions of the AEDPA, which became effective April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Thus, Petitioner's request for habeas corpus relief "may be granted only if he demonstrates that the state court decision denying relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."" Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see* Lockyer, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of

the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; *see also* Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court's decision is objectively unreasonable. *See* Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that a federal habeas court give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

### III.    Review of Petitioner's Claim

In his sole remaining ground for relief, Petitioner challenges the trial court's imposition of full consecutive sentences for the substantive offense on three counts (13, 14, and 15).  (Pet. at 5).

Petitioner argues that his constitutional rights were violated when the judge and not the jury found the facts upon which the trial court exercised its discretion in sentencing Petitioner to a full consecutive term rather than concurrent sentences on the multiple counts, as authorized under California Penal Code § 1170.1.

Petitioner's *Apprendi* argument was raised in an appeal to the California Court of Appeal, Fifth District, which issued a reasoned opinion in February 2002, rejecting the applicability of *Apprendi* to Petitioner's case. Petitioner submitted a petition for review to the California Supreme Court, which summarily denied the petition on May 1, 2002. When reviewing a state court's summary denial of a habeas petition, the Court "look[s] through" the summary disposition to the last reasoned decision. See Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (citing Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991)). Thus, the California Supreme Court is presumed to have rejected the petition for the same reasons set forth by the appellate court. See Ylst v. Nunnemaker, 501 U.S. at 803.

In the original answer, Respondent presented a similar argument as that raised by state appellate court in their opinion. Specifically, Respondent argued that *Apprendi* was inapplicable as the sentence Petitioner received was within the statutory maximum since it consisted of the upper term of the substantive offense and the middle term of the firearm enhancement. (Answer at 8). Respondent later argued, in supplemental briefing ordered by this Court, that the Supreme Court's decision in *Cunningham* and *Blakely v. Washington*, 542 U.S. 296 (2004) constituted new rules of constitutional law which, pursuant to *Teague v. Lane*, 489 U.S. 288 (1989), are not retroactively applicable on collateral review to upset a state conviction or sentence finalized prior to the new decision. (Resp't. Suppl. Br. at 3-9). Respondent additionally argued that the imposition of full consecutive sentences did not involve judicial fact finding beyond those facts already found by the jury. (Id at ).

"When a State raises the issue of retroactivity, 'federal habeas courts *must* apply *Teague* before considering the merits' of a claim." Butler v. Curry, 528 F.3d 624, 633 (9th Cir. 2008) (citing Beard v. Banks, 542 U.S. 406, 412 (2004)). Consequently, the first inquiry before this Court is

whether *Blakely*'s[1] holding is a new rule of constitutional law. If *Blakely* constitutes a new rule, it would not be retroactively applicable on collateral review to Petitioner's case.

Under *Teague*, there exists a three step process for determining "whether a constitutional rule of criminal procedure applies to a case on collateral review." Beard v. Banks, 542 U.S. 406, 411 (2004). The Ninth Circuit has previously held that the rule in *Blakely*, which "allocated some of the decision-making authority previously held by judges to juries," was a procedural rule. Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005). As stated in *Beard*, the three part process requires the court to firstly determine when the defendant's conviction became final; secondly, the court must ascertain the legal landscape as it then existed in asking whether the existing precedent compels the rule; and lastly, the court must consider whether the rule falls within either of the two exceptions. Beard, 542 U.S. at 411.

"State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied.'" Beard, 542 U.S. at 411 (quoting Caspari v. Bohlen, 510 U.S. 383, 390 (1994)). Thus, Petitioner's conviction became final on July 30, 2002, when the time for filing a petition for writ of certiorari expired as ninety days had elapsed from when the California Supreme Court denied the petition for review on May 1, 2002. *See* Cal. S.Ct. R. 13; Answer Ex. G.

The second inquiry asks the court to survey the existing legal landscape and determine whether existing precedent, interpreting the Constitution, compelled the rule in question. Beard, 542 U.S. at 411 (citing Graham v. Collins, 506 U.S. 461, 468 (1993)). The Ninth Circuit has previously held that *Blakely* constitutes a *new rule* of constitutional law that was not compelled by the existing legal landscape. Schardt, 414 F.3d at 1027. In finding that *Blakely* constituted a new rule, the Ninth

---

[1] In his reply to the supplement brief, Petitioner argues that *Cunningham* should apply retroactively as it falls within one of the two *Teague* exceptions. (Pet'r. Reply at 4-5). As stated by the Ninth Circuit, the *Cunningham* decision is retroactively applicable to cases finalized after *Blakely* as it merely applied the rule announced in *Blakely* to California's Determinate Sentencing Law. Butler v. Curry, 528 F.3d 624, 636 (9th Cir. 2008) (stating that *Cunningham* was not new as "[i]t simply applied the rule of *Blakely* to a distinct but closely analogous state sentencing scheme. That the Supreme Court held for the first time that *California*'s sentencing scheme violates the Sixth Amendment does not render its decision in *Cunningham* a new rule") (emphasis in original). Thus, the dispositive inquiry before this Court is not whether *Cunningham* is applicable but whether *Blakely* is since *Cunningham*'s retroactivity depends on the applicability of *Blakely*.

Circuit in *Schardt* stated that, "[e]very circuit court of appeals that addressed the question presented in *Blakely* reached the opposite conclusion from the rule subsequently announced by the Supreme Court...Thus, the rule announced in *Blakely* was clearly not apparent to all reasonable jurists, nor was it dictated by precedent." Id. at 1035.

*Teague*'s two exceptions, as defined by the Supreme Court in *Beard*, are: (1) "rules forbidding punishment of certain primary conduct or to rules prohibiting a certain category of punishment for a class of defendants because of their status or offense"; and "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard, 542 U.S. at 416-416 (internal citation marks omitted) (quoting Penry v. Laynaugh, 492 U.S. 302, 330 (1989)). The Ninth Circuit's decision in *Schardt* rejected the argument that *Blakely* fell within any of the *Teague* exceptions. Id. at 1035-1036. Consequently, as Petitioner's conviction was finalized prior to *Blakely*, he cannot avail himself of *Blakeley* or *Cunningham* in his federal writ for habeas corpus.[2]

The Sixth Amendment of the federal constitution guarantees a criminal defendant the right to a trial by jury, a right provided to defendants in state criminal proceedings through the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 149-150 (1968). In *Apprendi*, the Supreme Court overturned a sentencing scheme that permitted a state judge to enhance a defendant's penalty beyond the prescribed statutory maximum upon the judge's finding, by a preponderance of the evidence, that the defendant "acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation, or ethnicity." Apprendi, 530 U.S. at 469. The Supreme Court reversed, extending the right to a jury trial to "any fact that increases the penalty for a crime *beyond the prescribed statutory maximum*," in holding that such facts "must be submitted to jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added). The Supreme Court in *Apprendi* struck down the defendant's twelve year sentence, which exceeded the ten year maximum for the offense charged. Id. at 474.

---

[2] The Ninth Circuit has also noted that *United States v. Booker*, 543 U.S. 220 (2005), the third case in the *Apprendi* line, announced a new rule of constitutional law and is thus not retroactively applicable to Petitioner's case. Butler, 528 F.3d at 636 (citing United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005) (per curiam)).

1    The California Court of Appeal, writing well after *Apprendi* but before *Blakely*, found

2  *Apprendi* inapplicable to Petitioner's case as Petitioner's twelve year sentence for counts 13 through

3  15 fell within the statutory maximum the trial court could impose. The appellate court stated that:

> Here, as indicated above, the [trial] court imposed full consecutive sentences on counts 13, 14 and 15, specifically stating that it did so pursuant to subdivision (c) of section 667.6
> Our Supreme Court has held that when choosing to impose full consecutive sentences under section 667.6, subdivision (c), the trial court must state a reason for imposing a consecutive sentence and a separate reason for imposing a full consecutive sentence as opposed to imposing sentence pursuant to section 1170.1. ( People v. Belmontes, *supra*, 34 Cal.3d at p. 347, 193 Cal.Rptr. 882, 667 P.2d 686.) As is also indicated above, the court complied with this requirement.
> Appellant argues that notwithstanding the court's compliance with the *Belmontes* separate-statement-of-reasons requirement, this court must vacate the sentence imposed because the court, rather than the jury, determined that facts existed to justify full consecutive terms...*Apprendi* does not support appellant's position. The maximum term for each of counts 13, 14 and 15 was eighteen years, consisting of the upper term of eight years on the substantive offense and the upper term of ten years on the section 12022.3, subdivision (a) gun-use enhancement. As indicated above, however, the court imposed 12 year terms on each of the counts in question, consisting of the upper term on the substantive offense and the midterm on the enhancement. Thus, as to each of the counts in question, the sentence imposed did not exceed the "prescribed statutory maximum...." (*Apprendi v. New Jersey*, supra, 530 U.S. at p. 490.) The facts upon which the court based its decision to impose full consecutive sentences were "sentencing factors," as that term is used in *Apprendi* and *McMillan*. *Apprendi* does not require that such facts be decided by a jury.

(Answer Ex. E at 6).

As noted by the Ninth Circuit in *Schardt*, the existing precedents, issued by this and other circuits prior to *Blakely*, interpreted the phrase prescribed statutory maximum as the maximum sentence permitted by statute even where the sentence is enhanced beyond that which is permitted without additional judicial findings. Schardt, 414 F.3d at 1035 (citing line of cases from several circuits, including United States v. Alvarez, 358 F.3d 1194, 1211-1212 (9th Cir. 2004) (holding that judge may impose maximum sentence under statute based on findings made by the judge using a preponderance of the evidence standard)); *see also* Devicentis v. Quinn, 266 Fed. Appx. 647, 650 (9th Cir. 2008) (unpublished) (affirming denial of habeas petition where petitioner's conviction became final prior to *Blakely* in stating that, "prior to the Supreme Court's decision in *Blakely* [citation omitted] it was not a violation of clearly established federal law to impose a sentence greater than the standard sentencing range but within the statutory maximum based on findings made by a judge rather than a jury"). As *Blakely* was not clearly established at the time Petitioner's case

became final on direct appeal, Petitioner is not entitled to habeas relief based on the argument that his sentence exceeded the maximum sentence a judge may impose without additional findings. The existing authority prior to *Blakely* interpreted *Apprendi* to hold that a sentence within the prescribed statutory maximum does not implicate a Petitioner's Sixth Amendment right. In light of then existing legal landscape, the state court's determination that Petitioner's constitutional rights were not violated by a sentence that was within the statutory maximum was not an unreasonable application of clearly established federal law. Consequently, Petitioner has failed to establish that he is entitled to habeas corpus relief.

## IV. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

1  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed
2  further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the
3  petitioner is not required to prove the merits of his case, he must demonstrate "something more than
4  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at
5  1040.
6      In the present case, the Court finds that reasonable jurists would not find the Court's
7  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or
8  deserving of encouragement to proceed further. Petitioner has not made the required substantial
9  showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a
10 certificate of appealability.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;
2. The Clerk of Court is DIRECTED to enter judgment; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   January 14, 2009**          /s/ John M. Dixon
                                                 UNITED STATES MAGISTRATE JUDGE